JENNIFER WITHERELL CRASTZ - SBN 185487
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Boulevard
12th Floor
Encino, California 91436-2829
(818) 501-3800 telephone
(818) 501-2985 facsimile

Attorneys for Plaintiff
TRANSPORT FUNDING, LLC

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA (SAN DIEGO)

| | |
|---|---|
| IN RE: | CASE NO. 14-04480-MM7 |
| SASA MILOVANOVIC, | CHAPTER 7 |
| Debtor. | |
| TRANSPORT FUNDING, LLC, | |
| Plaintiff, | ADV. NO. _____ |
| vs. | **COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(4) & 523(a)(6)** |
| SASA MILOVANOVIC, | |
| Defendant. | |

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this core adversary proceeding pursuant to 28 U.S.C. §1134 and 11 U.S.C. § 523. This adversary proceeding relates to the Chapter 7 bankruptcy petition filed on May 31, 2014, pending in the United States Bankruptcy Court, Southern District of California, as Case Number 14-04480-MM7.

2.  At all times mentioned herein Plaintiff, TRANSPORT FUNDING, LLC (hereinafter "Plaintiff" or "TRANSPORT") was and is a corporation duly organized, existing under and by virtue of the laws of the state of its organization.

1

1      3.      Plaintiff is informed and believes that Defendant SASA MILOVANOVIC (hereinafter "Defendant") is an individual domiciled in the State of California, within the Southern District of the Bankruptcy Court, San Diego Division.

4.      Venue is proper in the Southern District under 28 U.S.C. §1391(a) in that Defendant reside within the Southern District.

5.      Plaintiff is a creditor of Defendant, and the debt of Defendant is nondischargeable in bankruptcy by virtue of 11 U.S.C. §§ 523(a)(4) and (6).

## FIRST CLAIM FOR RELIEF
### Embezzlement - 11 U.S.C. 523(a)(4)

6.      Plaintiff refers to paragraphs 1 through 5, inclusive, and by this reference incorporates the same herein as though set forth in full.

7.      On or about April 8, 2011, Defendant entered into a written Security Agreement (Conditional Sale Contract) (hereinafter referred to as "Agreement") with Plaintiff, TRANSPORT FUNDING, LLC, a limited liability company (hereinafter referred to as "Plaintiff") wherein Plaintiff agreed to finance a certain 2007 Volvo Tractor VNL670, Serial Number 4V4NC9TG77N456637 (hereinafter referred to as "Tractor"). In exchange, Defendant agreed to make payments pursuant to the terms of the Agreement until the entire balance is paid in full. A true and correct copy of the Agreement, with a description of the Tractor sold thereunder is attached hereto marked as Exhibit "1" and incorporated by this reference as though fully set forth.

8.      Theretofore and thereafter, Plaintiff performed all of the terms and conditions of the Agreement required to be performed by them. Plaintiff obtained a Certificate of Title from the State of California, thereby perfecting its ownership interest in the subject Tractor. A true and correct copy of the Certificate of Title is attached hereto marked as Exhibit "2" and incorporated by this reference as though fully set forth.

9.      On or about April 23, 2013, Defendant failed to make the monthly payment then due and all payments due thereafter. Plaintiff commenced that certain state court action against the Defendant in order to obtain possession of the Tractor.

10. Plaintiff was ultimately able to repossess the Tractor pre-petition but it was completely stripped of valuable parts.

11. Prior to repossession of the Tractor, Plaintiff was informed that Defendant planned on returning the Tractor to Plaintiff only after Defendant had completely stripped the Tractor of its valuable parts.

12. Further, Plaintiff alleges that Defendant intended to sell the valuable parts for his own benefit.

13. Since the Tractor was completely stripped and valuable parts were removed at the time of repossession, Plaintiff was unable to market the Tractor at a higher price leaving a deficiency balance of $28,630.48, excluding attorney's fees and costs, as also provided for in the Agreement.

14. The actions described in Paragraphs 12 and 13 hereof constitute embezzlement, defalcation, and a "conversion" of the property of Plaintiff.

15. As a result of the actions of Defendant, Plaintiff has, to date, incurred substantial loss as a direct result of those actions, all to the detriment of Plaintiff.

16. Under and pursuant to the provisions contained in Defendant's Petition in Bankruptcy, Defendant seeks to discharge any and all debts due from Defendant to Plaintiff.

17. That the actions of Defendant as described herein and related to the transactions specified herein constitute "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny" within the meaning of 11 U.S.C. § 523(a)(4), which declares that any debts arising from such actions are non-dischargeable.

18. For the reasons above, Defendant's debt owed to Plaintiff in the amount equal to the diminished value of the Tractor is excepted from discharge and is not dischargeable in this bankruptcy proceeding under 11 U.S.C. §523(a)(4).

## SECOND CLAIM FOR RELIEF

**Willful and Malicious Injury by the Debtor to Plaintiff - 11 U.S.C. 523(a)(6)**

19. Plaintiff repeats and realleges Paragraphs 1 through 18 of this Adversary Complaint and incorporates the same herein as though set forth in full.

20. Plaintiff is informed and believes that Defendant's actions were for the express

3

1  purpose of harming Plaintiff.

2      21. As a result of the actions of Defendant in completely stripping and taking valuable
3  parts off the Tractor, Plaintiff has, to date, incurred substantial loss as a direct result of those actions,
4  all to the detriment of Plaintiff.

5      22. The actions of Defendant as described herein and related to the transactions specified
6  herein constitute "willful and malicious injury by the debtor to another entity or to the property of
7  another entity" within the meaning of 11 U.S.C. § 523(a)(6), which declares that any debts arising
8  from such actions are non-dischargeable.

9      23. For the reasons above, Defendant's debt owed to Plaintiff in the amount equal to the
10 diminished value of the Tractor is excepted from discharge and is not dischargeable in this
11 bankruptcy proceeding under 11 U.S.C. §523(a)(6).

12     WHEREFORE, Plaintiff TRANSPORT FUNDING, LLC prays for judgment in its favor
13 against Defendant SASA MILOVANOVIC, as follows:

14     1. For a non-dischargeable money judgment in the amount of $28,630.48, plus interest
15        and late charges;
16     2. For attorneys' fees and costs according to proof;
17     3. For any other relief that the Court deems just and proper.

19 DATED: September 5, 2014           HEMAR, ROUSSO & HEALD, LLP

                                  *Jennifer Witherell Crastz*
                            By:_____
                              JENNIFER WITHERELL CRASTZ
                              Attorneys for Plaintiff
                              TRANSPORT FUNDING, LLC